### 10312.   SOUTHERN RAILWAY COMPANY *v.* SMALLWOOD.

BROYLES, P. J.   1. This court can not pass upon the question as to whether the trial court erred in disallowing the proffered amendment to the defendant's answer, it appearing that upon a former trial of the case, at a preceding term of the court, the identical amendment was disallowed by the court, and that no exception to that judgment was taken.

2. The original answer of the defendant containing no plea of res adjudicata, and the amendment setting up such a defense having been disallowed, the court did not err in repelling the documentary evidence offered to show that in a former suit between the plaintiff's wife and the defendant there was an adjudication as to the injuries and the pain and suffering sued for.   Furthermore, upon the trial the

court distinctly instructed the jury that the plaintiff could not recover for any pain and suffering sustained by his wife.

3. The court erred in charging the jury: "If you believe, under the law, or under the rules of law rather, and the evidence in this case, that the plaintiff's wife was a passenger on one of the trains of the defendant, as he alleges she was, and that she received an injury, then the law would raise a presumption that the defendant was negligent in each manner complained of in the petition, and this presumption would be sufficient upon which to base a recovery, unless the defendant rebutted this presumption by evidence sufficient to satisfy your minds that at the particular time in question it was exercising the degree of care required of it by law and discharged its duty in this particular." This charge was erroneous in that it virtually instructed the jury that the presumption of negligence against the defendant would arise if the plaintiff's wife was injured in any manner, whether by the running of the defendant's trains *or from some other cause,* while a passenger upon one of its trains. This presumption arises only where the injury is caused by the running of the defendant's trains. The error was not cured in any other part of the charge, and as this case is a very close one, under the evidence, as to whether the plaintiff was entitled to recover, the error requires a new trial of the case.

4. In the light of the facts of the case and of the entire charge of the court, the other exceptions to the charge are without substantial merit.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*

DECIDED JUNE 13, 1919.

Action for damages; from city court of Hall county—Judge Wheeler. December 23, 1918.

*J. O. Adams, Ed. Quillian, C. L. Faulkner, E. A. Neely,* for plaintiff in error.

*C. N. Davie, E. D. Kenyon,* contra.