# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1920

---

11249. SOUTHERN RAILWAY COMPANY v. SMALLWOOD.

BLOODWORTH, J. 1. The court did not err in admitting testimony as complained of in the 1st, 2d, and 3d grounds of the amendment to the motion for a new trial. Indeed, we should not consider the 2d of these grounds, because it is incomplete, in that it does not name the witnesses as to the admission of whose testimony complaint is made. Practically the same evidence complained of in the 3d ground was admitted without objection.

2. When read in connection with the entire charge, there is no error in any of the excerpts therefrom of which complaint is made. Substantially the same exception as made in ground 5 of the amendment to the motion for a new trial was made when this case was first before this court, and this part of the charge was then held to be without reversible error. 23 *Ga. App.* 810, 811(4) (99 S. E. 539).

3. The jury has twice found in favor of the plaintiff in this case. No error of law is shown. It cannot be said that the verdict is without any evidence to support it. The trial judge has approved the finding of the jury, and this court is without power to set it aside on the general grounds.

*Judgment affirmed. Broyles C. J., and Luke, J., concur.*

DECIDED NOVEMBER 11, 1920.

Action for damages; from city court of Hall county — Judge Wheeler. January 3, 1920.

The action was for loss of services of the plaintiff's wife by reason of injuries from a fall alleged to have been caused by a sudden jerk and starting of the defendant's train when she was alighting from it at her destination. On the trial the plaintiff

introduced in evidence his wife's testimony on a former trial of the case. In regard to work done by her after she was injured, she was asked if she did any work at Winder, and she answered: "Yes; some in the mill. I had to work; I had four children, and I had no one to take care of them." The statement that she had to work, etc., was objected to as being irrelevant, immaterial, and prejudicial; and the refusal of the court to exclude this part of the answer is complained of in the 1st ground of the amendment to the motion for a new trial. The same objection and the additional objection that the question was leading were made as to the following question and answer, set out in the 2d ground: Question: "You had to work, sick or well?" Answer: "To try to make a living for my children. I had no one to make a living for them; he was in trouble and could not, and that is why I had to do it." In replying to the question, "Did you make all the time in the Winder mill that you were given credit for?" this witness said: "I could not hold out to work a whole day; I suffered so bad." The court allowed this answer to stand, over the objection of counsel for the defendant that it was irrelevant and immaterial, was not responsive to the question, and did not illustrate the question as to loss of services. This is complained of in the 3d ground of the amendment to the motion for a new trial. In regard to the suffering as to which this witness testified the court instructed the jury as follows: "For the purpose of the consideration of this case, you can not award any verdict in favor of the plaintiff for any pain and suffering that his wife may have endured, as that is only allowed to go before the jury for the purpose of illustrating, if it does, her ability to perform services; whether it illustrated that issue or not is for the jury to determine from all the facts."

The instructions complained of in ground 5 were as follows: " If you believe from the evidence in this case that the plaintiff's wife was a passenger on one of the defendant's trains, as he alleges that she was in his petition, and that while she was such a passenger she was injured in some way that he alleges that she was injured, and to the extent that he claims she was injured, and that she received that injury as the result of the operation of one of its trains by the defendant, then the law would raise a presumption that the defendant was negligent in each manner complained of

in the petition, and this presumption would be sufficient upon which to base a recovery, unless the defendant rebutted this presumption by evidence to satisfy your minds that at the particular time in question it was exercising the degree of care required of it by law and in the discharge of its duty in this particular, or that the plaintiff's wife could have avoided such injury by the exercise of ordinary diligence for her own protection." It was contended that these instructions were error because they were in effect a charge that the matters alleged to be negligence constituted negligence, and because one of the grounds of negligence alleged was the condition of a steel rail over which the plaintiff's wife fell, and an injury thus caused would not be an injury occurring in the running of trains, to which the presumption of negligence, under the Civil Code (1910), § 2780, would apply, and the court should have eliminated that allegation.

*Edgar A. Neely, J. O. Adams, Ed. Quillian, C. R. Faulkner,* for plaintiff in error.

*C. N. Davie, E. D. Kenyon,* contra.